**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>GEORGE MCHUGH,<br><br>        Defendant. | Case No.: 2:22-cr-00034-JAD-EJY<br><br>**ORDER**<br><br>[Docket No. 24] |

Pending before the Court is Defendant George McHugh's motion to modify his condition of pretrial release related to monitoring his usage of computers and cell phones provided to him at his new job opportunity at Terra Contracting. Docket No. 24. The Court has considered Defendant's motion and the United States' response. Docket Nos. 24, 27.

Defendant asks the Court to modify his conditions of pretrial release to allow for unmonitored use of electronic devices with Internet connectivity while at work. Docket No. 24. Defendant submits that he recently received an employment opportunity to work for Terra Contracting that would require him to use a company-issued computer at the office that has connectivity to the Internet and an iPhone issued by the company for work purposes while at work. *Id.* at 2-3. Defendant submits that the company has privacy concerns and "it is unlikely" that it would allow him to have his two work devices monitored by Pretrial Services, as currently required by his pretrial release conditions. *Id.* at 3. Defendant submits that, without such a modification, he will not be able to work at this company. *Id.*

Defendant submits that he attempted to reach out to his Pretrial Services Officer Samira Barlow about this new employment opportunity but has been unable to connect with her about Pretrial Services position on this modification. *Id.* Defendant submits that he has been compliant with the terms of his release since being released on his own recognizance. *Id.* Finally, Defendant

submits that he discussed this modification request with the prosecutor handling this case, who had no opposition to such a modification. *Id.*

In response, the United States submits that it has no opposition and that it discussed the matter with Defendant's Pretrial Services Officer, who also does not object to the requested amendment.[1]  Docket No. 27 at 1.

Accordingly, Defendant's motion is **GRANTED**.  Docket No. 24.  Defendant's conditions of release are modified to allow for unmonitored Internet access on the electronic devices with Internet connectivity provided to Defendant by his employer only when such use occurs during the course of his employment at Terra Contracting and only while Defendant is physically located at Terra Contracting's office.

IT IS SO ORDERED.

DATED: April 28, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] On April 15, 2022, the Court ordered the United States to respond to Defendant's motion, including the position of Defendant's U.S. Pretrial Services officer, no later than April 20, 2022. Docket No. 25.  The United States failed to comply with the Court's order.  *See* Docket.  As a result, on April 26, 2022, the Court again ordered the United States to file a response.  Docket No. 26.

In its response, the United States submits that, despite the Court's order, it did not believe it needed to respond to Defendant's motion.  Docket No. 27 at 1 n.1.  It should not have to be stated that parties are required to follow Court orders.  The Court fails to discern how the United States believed it did not need to respond to Defendant's motion in light of a specific order to the contrary.